**Norfolk**

MAMERTO P. ABLOLA

v.

HOLLAND ROAD AUTO CENTER, LTD.

and

SELECTIVE INSURANCE COMPANY OF AMERICA

No. 1597-89-1

Decided October 23, 1990

182

COUNSEL

Albert C. Selkin (White and Selkin, on brief), for appellant.

Charlie P. Phelps (William H. Harris; Harris, Fears, Davis, Lynch & McDaniel, on brief), for appellees.

OPINION

WILLIS, J.—In this appeal we consider whether work performed by an employee for his own benefit, on his employer's premises, during the hours of employment, and with the employer's knowledge and consent, is within the scope of his employment for purposes of workers' compensation. Finding that an injury resulting from such activity did not arise out of and in the course of the claimant's employment, the Industrial Commission denied him benefits. We disagree and reverse.

On appellate review, we consider the evidence in the light most favorable to the party prevailing below. *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916,

916 (1986). The findings of fact made by the Industrial Commission are binding upon us when supported by credible evidence. *Dublin Garment Co. v. Jones,* 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986). A finding by the commission that an injury did or did not arise out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal. *Id.*

Mamerto P. Ablola was employed as a light mechanic on a commission basis by Holland Road Auto Center, Ltd. He was allowed by his employer to work on his personal car during times when there was no work to be done for customers. On December 2, 1988, during a slack time but during work hours, Ablola was replacing a shock absorber on his personal automobile in the employer's shop, when a strut collapsed causing injury to his little finger.

The Industrial Commission found that Ablola suffered his injury while he was an employee on the premises of his employer because of his employment. It found that he had permission to work on his own vehicle. It noted, however, that because he was on a commission basis, he was not receiving pay for this work. It found that work on his vehicle was not incidental to the duties of his employment and did not benefit his employer. It held that therefore Ablola's injury did not arise out of and in the course of his employment.

■ Virginia has long recognized the personal comfort doctrine, which recognizes the human need for periodic rest and refreshment. *See Bradshaw v. Aronovitch,* 170 Va. 329, 196 S.E. 684 (1938); *Raven Red Ash Coal Co. v. Griffith,* 181 Va. 911, 27 S.E.2d 360 (1943). Thus, occasional breaks and excursions for food, drink, rest and restroom visitation are deemed to be in the course of employment. Such activities benefit the employer by enhancing feasibility and desirability of employment, good physical and mental conditioning of its employees, and the cultivation of good employment relationships.

The Industrial Commission based its decision on its holding in *Danforth v. Petersburg Box & Lumber Co.,* 25 O.I.C. 196 (1943). In that case, the claimant was injured while using his employer's saw to cut wood for his own personal use. While there was some evidence that he had been told not to use the saw, the commission found that issue to be immaterial, holding that the employee's ac-

tivity was for his own personal benefit only and worked no benefit to his employer. There is no Virginia appellate decision dealing with this subject. However, courts in other states are almost unanimous in holding that such activity is within the scope of employment. *See* 1A A. Larson, *The Law of Workmen's Compensation*, § 27.31(b), at 5-388 to -396 (1990 Cum. Supp.).

■ Even though the activity from which the injury arises has no direct relationship to the employment, yet if it is a common practice among the employees, is acquiesced in by the employer, if the employer has allowed the employee to use the employer's tools and facilities, if the accident occurs during working hours, and if the accident occurs during a lull in. regular work so that the questioned activity does not interfere with the employee's duties, such considerations have been held to bring the employee's activities in his own behalf within the scope of employment. *Id*. at 5-390 to 394.

In *Chrisman v. Farmer's Cooperative Ass'n of Bradshaw*, 179 Neb. 891, 140 N.W.2d 809 (1966), the court affirmed an award of workers' compensation benefits to the widow of a service station manager who was crushed to death while working on his automobile during working hours at the station, holding that the activity was incidental to the employment and within the scope of the act which was to be liberally construed. *Id*. at ____, 140 N.W.2d at 813. The employees of the station had the permission of the employer to make minor repairs on their own cars during their spare time. The court pointed out that the "deceased was doing on the defendant's time what he was permitted to do, he was violating no instructions, and he was engaged in doing work which the defendant felt was in the best interest of the employer-employee relation." *Id*. at ____, 140 N.W.2d at 812.

In *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E.2d 577 (1976), the claimant, a fireman, who was required to be on the fire station premises during his tour of duty, was injured while helping a fellow employee clean his car's oil breather cap during lunch. Affirming an award of workers' compensation benefits to him, the court held:

[P]laintiff's act in assisting in the cleaning of the oil breather cap from a fellow employee's car during the lunch period was a reasonable activity, and that the risk inherent in such activ-

ity was a risk of the employment. This reasonableness is attested by the fact that such practice was well known to plaintiff's superiors who made no objection but, in fact, specifically allowed firemen to make such minor repairs during their lunch hour.

*Id.* at 285, 225 S.E.2d at 583. The court found that there was competent evidence to support the commission's findings that the claimant was required to be on the premises, that the claimant's superiors allowed firemen to make minor repairs to their automobiles during the lunch hour, and that "repairs of a minor nature to personal automobiles were to an appreciable extent a benefit to the fire department in that by keeping their automobiles in working condition the firemen could use them to report to duty when they were off duty in the event of an emergency. . . ." *Id.*

The Court of Appeals of New York stated in *Davis v. Newsweek Magazine*, 305 N.Y. 20, 110 N.E.2d 406 (1953), that when an employee must remain in a particular place as part of his duties, the " 'employee is not expected to wait immobile, but may indulge in any reasonable activity at that place, and if he does so the risk inherent in such activity is an incident of his employment.' " *Id.* at 28, 110 N.E.2d at 409.

Ablola's injury arose from activity which was of the same character and type as that for which he was employed. The accident occurred on the employer's premises during normal hours of employment, but during a lull in the work and did not interfere with the performance of his regular duties. He worked on his car with his employer's knowledge and consent. Indeed, one of the managers of the employer had ordered parts for him.

There were obvious benefits which flowed to the employer from permitting Ablola to work on his car during slack time. This arrangement made the requirement that Ablola be on hand to serve customers who came in more attractive to him. It tended to enhance his morale. The ability to use his employer's tools and facilities was a valuable benefit to him, a form of compensation. The employer's generosity in this regard cultivated a good employment relationship.

We hold that Ablola's activity in working on his personal car, on his employer's premises and during his hours of employment,

during a lull in his work obligations, with his employer's authorization, fell within the scope of his employment, and that the injury which he suffered in performing that work arose out of and in the course of his employment and is compensable.

The judgment of the Industrial Commission is reversed and the case is remanded for the establishment of an award.

*Reversed and remanded.*

Baker, J., and Barrow, J., concurred.