COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


DOUGLAS E. DAVIS

v.          Record No. 1908-94-1          MEMORANDUM OPINION[*]
                                               PER CURIAM
SAVILLE PENINSULA PRODUCE                       MAY 2, 1995
AND
MARYLAND CASUALTY COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Robert J. Macbeth, Jr.; Rutter & Montagna, on brief),
          for appellant.

          (P. Dawn Bishop; Sands, Anderson, Marks & Miller, on
          brief), for appellees.


          Douglas E. Davis (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that (1)

Saville Peninsula Produce (employer) met its burden of proving

that claimant was able to return to his pre-injury work as of

August 23, 1993, and (2) employer's October 12, 1993 change in

condition application was not barred by the doctrine of res

judicata.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

          On appeal, we view the evidence in the light most favorable

to the party prevailing below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E. 788, 788 (1990).  Factual

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

findings of the commission will not be disturbed on appeal, if based on credible evidence. Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991).

In reversing the deputy commissioner's decision and granting employer's application, the commission accepted the August 23, 1993 opinion of Dr. Edward B. Butts, the treating neurosurgeon. Dr. Butts opined that, as of that date, claimant could return to his pre-injury work with no restrictions. In rendering his opinion, Dr. Butts examined claimant and ordered an MRI. Dr. Butts opined that the MRI showed some scar tissue and disc degeneration, but did not show a recurrent disc herniation. Dr. Butts also took into account that scar tissue could occasionally cause pain, that claimant had shown improvement following his surgery, and that claimant had been given adequate rehabilitation through work hardening. Dr. Butts approved of a description of claimant's pre-injury job submitted by employer, as well as a job description submitted by claimant. Dr. Butts' opinion constitutes credible evidence to support the commission's findings.

The commission found that employer's October 12, 1993 application was not barred by the doctrine of res judicata. The October 12, 1993 application presented the issue of whether claimant could return to his pre-injury work as of August 23, 1993. This issue was not, and could not have been, previously litigated and determined as to these parties. Moreover, the

October 12, 1993 application was based upon new evidence, including Dr. Butts' August 23, 1993 examination of claimant, Dr. Butts' review of the job descriptions, and the September 8, 1993 MRI.  Therefore, the commission did not err in finding that the October 12, 1993 application was not barred by the doctrine of <u>res</u> <u>judicata</u>.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>