COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

SAFEWAY, INC.
                                      MEMORANDUM OPINION*
v.  Record No. 0127-95-4                 PER CURIAM
                                         MAY 30, 1995
HARMON E. BALL

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Charles P. Monroe; Mell, Brownell & Baker,
          on brief), for appellant.  Appellant
          submitting on brief.

          (Lawrence J. Pascal; Ashcraft & Gerel, on
          brief), for appellee.  Appellee submitting
          on brief.


     Safeway, Inc. appeals from a decision of the Workers'

Compensation Commission awarding benefits to Harmon E. Ball.

Safeway contends that the commission erred in finding that Ball

proved that he sustained an injury by accident arising out of and

in the course of his employment on December 18, 1993.  Because

the commission's decision is supported by credible evidence, we

affirm the award.

     On appeal, we view the evidence in the light most favorable

to Ball, the party prevailing below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So

viewed, the evidence proved that Ball was required to unload from

a truck a large shipment of meat that was boxed and stacked to a

height of nine feet.  When Ball attempted to move a pallet on

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

which boxed meat was stacked, several boxes fell from the top of the stack onto Ball.  He was standing between the pallet and the wall when at least three of the boxes struck him and knocked him to a sitting position in a confined space.  The boxes which each weighed between fifty and ninety pounds landed on his lap and feet.  Although Ball did not experience pain at the time of this incident, when he awoke the next morning, he experienced disabling back pain.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  The commission found that Ball's back condition, which first manifested itself the morning following the incident, was the result of boxes falling on him at work.  Ball's testimony provides ample credible evidence to support the commission's finding.  Thus, that finding is conclusive on this appeal.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission also considered the testimony of Ball's supervisor, Ball's recorded statement, and Safeway's First Report of Accident, and the commission resolved any conflicts in this evidence in favor of Ball.  Moreover, the medical report by the attending physician, Dr. Jerry M. Hahn, provides credible

evidence that links the incident to medical causation. "In determining whether credible evidence exists, [this Court] does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc., v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Finally, that Ball did not experience back pain until the morning after the incident is not fatal to his claim. "Morris [v. Morris, 238 Va. 578, 385 S.E.2d 858 (1989)] did not require a showing of immediate onset of the symptoms of the injury." Hercules, Inc. v. Gunther, 13 Va. App. 357, 364 n.2, 412 S.E.2d 185, 189 n.2 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.