COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Senior Judge Hodges


SOHO CENTER
AND
TRAVELERS INSURANCE COMPANY

                                              MEMORANDUM OPINION[*]
v.   Record No. 2625-94-2                        PER CURIAM
                                              JUNE 27, 1995
MARY GRACE


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (William Orr Smith, on brief), for appellants.

          (Sebastian K. D. Graber, on brief), for appellee.



     Soho Center and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission erred in (1) finding that Mary Grace proved that she

sustained an injury by accident arising out of and in the course

of her employment on October 28, 1993; and (2) relying upon the

June 22, 1994 opinion of Dr. Kenneth Haas, the treating

chiropractor.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     "In order to carry [her] burden of proving an 'injury by

accident,' a claimant must prove that the <u>cause</u> of [her] injury

was an <u>identifiable incident or sudden precipitating event</u> and

―――――――――――――――
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

On appellate review, we construe the evidence in the light most favorable to the party prevailing below. <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The claimant, who worked as a supervisor of young children at the employer's child care center, testified that at approximately 10:00 a.m. on October 28, 1993, a twenty-five to thirty-pound child jumped unexpectedly into her lap, hitting the claimant's shoulder and head. The claimant "felt something," but ignored it and continued working. Later in the afternoon, she moved some play equipment. That evening she had a stiff neck, and the next morning she felt "intense pain" in her neck and upper back. She telephoned the director of the center and informed her that she was hurt "from one of two things that had happened at work."

Fay Hurst, the employer's office manager, testified that on October 28, 1993, she saw the child run a couple of steps and jump into the claimant's lap. Hurst saw the claimant jump back in surprise, because she had been looking at Hurst.

On October 29, 1993, the claimant sought medical treatment for low back and neck pain from Dr. Kenneth Haas, a chiropractor. She reported a history of "onset 10/28/93-child jumped on her then moved some heavy play equipment." In a June 22, 1994 letter, Dr. Haas opined that the claimant's injury was caused by trauma and not lifting. He based this opinion on the location of the subluxation, namely a misalignment at T1-T3. He stated that it was "not uncommon for pain from this type of injury to manifest itself days after the injury," and that he believed the claimant's "injury [was] consistent with her report relating to trauma she received from a child jumping on her."

In awarding compensation to the claimant, the commission accepted her testimony, which was corroborated in part by Hurst, to find that the claimant established an identifiable incident when the child jumped on her, causing her to feel "something." The commission accepted Dr. Haas' opinion concerning causation, finding that he based his opinion upon the history given to him by the claimant of a child jumping on her lap.

The testimony of the claimant and Hurst provides credible evidence to support the commission's finding of an identifiable incident. Moreover, the commission did not err in relying upon Dr. Haas' opinion, which supported a causal link between the claimant's injury and the incident of the child jumping on her lap. See Board of Supervisors v. Martin, 3 Va. App. 139, 144, 348 S.E.2d 540, 542 (1986). The history of the October 28, 1993

3

incident provided to Dr. Haas by the claimant was relied upon by the commission as a basis for Dr. Haas' opinion, not as a means of determining how the accident occurred. Finally, the fact that the claimant did not feel pain until later in the evening on October 28, 1993 is not fatal to her claim. "Morris did not require a showing of immediate onset of the symptoms of an injury." Hercules, Inc. v. Gunther, 13 Va. App. 357, 364 n.2, 412 S.E.2d 185, 189 n.2 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.

4