COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia

WAL-MART STORES, INC. AND
 INSURANCE COMPANY OF THE STATE
 OF PENNSYLVANIA
                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2196-96-2        JUDGE SAM W. COLEMAN III
                                        APRIL 29, 1997
CAROLYN R. RICHARDS

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Monica L. Taylor (Christopher M. Kite;
            Gentry, Locke, Rakes & Moore, on brief),
            for appellants.

            C. Waverly Parker for appellee.


    Wal-Mart Stores, Inc. and its insurer (employer) contend

that the Workers' Compensation Commission erred in finding that

the claimant's somatoform pain disorder and anxiety disorder were

causally related to her injury by accident.  Finding no error, we

affirm the commission's award.

    On appeal, we view the evidence in the light most favorable

to the prevailing party.  R.G. Moore Bldg. Corp. v. Mullins, 10

Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, the

evidence proves that, shortly after reporting to work on March

28, 1995, the claimant slipped and fell on a heavily waxed floor,

injuring her right shoulder and back.

    Dr. Robert Brown, an internist and psychiatrist, diagnosed

---

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the claimant as suffering from an anxiety disorder and a somatoform pain disorder, a condition in which the patient has more complaints of pain than can be accounted for by physiologic parameters. Dr. Brown opined that the claimant's anxiety disorder was caused by the March 1995 accident and that her somatoform pain disorder was a preexisting condition, but that it worsened as a result of the March 1995 accident and her physical injuries. Based on the claimant's reports of "passing out" and feeling "woozy-like," Dr. Brown assumed that the claimant had suffered a closed head injury as a result of her fall. However, he testified that "[e]ven if we take the head injury completely away, we've got a lady with a somatoform pain disorder . . . . I think she's disabled by A, which is the somatoform pain disorder. I think she's disabled by B, which is the anxiety disorder."

Dr. James L. Levenson, who conducted an independent medical examination at the employer's request, agreed that the claimant suffered from a somatoform pain disorder and an anxiety disorder. However, because he could not find any evidence of a head injury and because her disorders predated her accident, Dr. Levenson concluded that the March 1995 accident did not cause her psychological condition.

The commission held that the claimant's anxiety disorder and the aggravation of her somatoform pain disorder were caused by the injuries she sustained in the accident. The commission relied on Dr. Brown's opinion and held that whether the claimant

had a head injury was not significant because Dr. Brown's opinion regarding causation was not based on the claimant sustaining a head injury. Furthermore, Dr. Levenson's opinion did not address whether the claimant's physical injuries had aggravated her preexisting psychological problems.

In order to establish entitlement to workers' compensation benefits, a claimant must prove by a preponderance of the evidence a causal connection between a work-related accident and the injury. Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). However, "the standards required to prove causation and whether the evidence is sufficient to meet those standards are legal issues which [the appellate court] must determine." Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991).

Credible evidence in the record supports the commission's award. Dr. Brown's testimony that the claimant's anxiety disorder was caused by her March 1995 fall and that her preexisting somatoform pain disorder was aggravated by the fall and her physical injuries constitutes sufficient credible evidence to support the commission's decision. "Questions raised by conflicting medical opinions must be decided by the

- 3 -

commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

The employer contends that Dr. Brown's opinion as to causation should be disregarded because he based it on the faulty assumption that the claimant suffered a closed head injury as a result of her fall. See Sneed v. Morengo, Inc., 19 Va. App. 199, 204, 450 S.E.2d 167, 171 (1994) ("Whenever a physician's diagnosis flows from an assumption that rests upon a faulty premise, such as misinformation provided by a claimant, the commission may refuse, and often will be required to refuse, to attribute any weight to that opinion."). However, the commission found that Dr. Brown's opinion regarding causation of the somatoform pain and anxiety disorders was not based upon the claimant sustaining a head injury. Although he stated that the head injury was significant, he testified that it was not the sole factor, or a necessary factor, in his finding that the claimant's March 1995 accident aggravated her psychological conditions. Therefore, Dr. Brown's opinion is not based upon a faulty premise and his opinion is credible evidence upon which the commission was entitled to base its decision.

Accordingly, we affirm the commission's award.

<u>Affirmed</u>.