COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Alston and Senior Judge Annunziata
Argued at Richmond, Virginia

CJW MEDICAL CENTER AND
  ACE AMERICAN INSURANCE COMPANY

MEMORANDUM OPINION[*] BY
v.     Record No. 2542-11-2               JUDGE D. ARTHUR KELSEY
                                                   JULY 31, 2012
MICHELSHA WALLACE

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Lisa Frisina Clement (Sean J. Murphy; PennStuart, on
brief), for appellants.

No brief or argument for appellee.

CJW Medical Center and its insurer (collectively "employer") appeal an award by the

Workers' Compensation Commission to Michelsha Wallace for an injury she sustained while

reaching into her personal handbag at work.  Employer argues, and we agree, the commission

erred as a matter of law in finding this accident arose out of Wallace's employment.

I.

We view the evidence on appeal in the light most favorable to Wallace, "the prevailing

party before the commission."  Dunnavant v. Newman Tire Co., 51 Va. App. 252, 255, 656

S.E.2d 431, 433 (2008).

In 2009, Wallace worked as a nurse at her employer's hospital.  She carried to work

every day a "personal carry-all bag" given to her by her mother.  App. at 64-65.  In the handbag,

she kept her purse, wallet, moisturizing lotion, and other personal items.  She also used the

handbag to bring to work things she used on the job, such as a stethoscope, scissors, and pens.

She admitted the employer did not require her to bring these items to work.  Id. at 57.  Nor did

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

any evidence suggest the employer encouraged Wallace to use her personal handbag at work or was even aware she was doing so.

One day at work, Wallace reached into the handbag to retrieve her "favorite" personal pen. Id. at 59. While doing so, she thought she scratched her finger on a defective strip of Velcro on the handbag. The scratch resembled a "paper cut," and she saw no need to bandage it. Id. at 50. Though it seemed like nothing at the time, the scratch later became infected and required medical treatment. Wallace filed a workers' compensation claim seeking benefits. By a split vote, the commission awarded benefits because the "circumstances of this case are indistinguishable from cases that involve employees who are injured during the course of their employment when using personally-owned equipment such as hammers or other tools to perform their duties for the employer." Wallace v. CJW Med. Ctr., 2011 Va. Wrk. Comp. LEXIS 392 (Nov. 17, 2011).

Commissioner Williams disagreed, not with the majority's factfinding, but rather with its legal conclusions. He pointed out the employer neither required nor encouraged Wallace to use her personal handbag at work. Nor did any evidence suggest the employer knew she was doing so. Wallace's claim failed the arising-out-of-employment test, he reasoned, because the employer had no "degree of control over the object which caused the injury" and thus no evidence proved "the requisite nexus between the conditions of a claimant's employment and the injury exists." Id.

## II.

On appeal, the employer argues that Wallace failed as a matter of law to prove her injury arose out of her employment because the hazard causing the injury — a defective Velcro strip on her personal handbag — was not a condition of her employment because the employer did not require, encourage, or even know of her use of the handbag. We agree and reverse the award.

The Workers' Compensation Act applies when the claimant "satisfies both the 'arising out of' and the 'in the course of' prongs of the statutory requirements of compensability." Butler v. S. States Coop., Inc., 270 Va. 459, 465, 620 S.E.2d 768, 772 (2005). "The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." Clifton v. Clifton Cable Contracting, LLC, 54 Va. App. 532, 539, 680 S.E.2d 348, 352 (2009) (citation omitted); see Grand Union Co. v. Bynum, 226 Va. 140, 143, 307 S.E.2d 456, 458 (1983). Our cases strive "to maintain the distinction between arising 'out of' and arising 'in the course of' employment." Cnty. of Chesterfield v. Johnson, 237 Va. 180, 186, 376 S.E.2d 73, 76 (1989). The two phrases "mean different things" and "proof of both is essential to recovery under the Act." Id. at 183, 376 S.E.2d at 74.

The actual risk doctrine "excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment.'" Taylor v. Mobil Corp., 248 Va. 101, 107, 444 S.E.2d 705, 708 (1994) (quoting Johnson, 237 Va. at 183, 376 S.E.2d at 75). An "'actual risk' of employment" is "not merely the risk of being injured while at work." Id. The actual risk standard necessarily excludes an injury caused by "*a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work* . . . ." Hill City Trucking v. Christian, 238 Va. 735, 739, 385 S.E.2d 377, 379 (1989) (emphasis in original) (quoting Baggett & Meador Cos. v. Dillon, 219 Va. 633, 638, 248 S.E.2d 819, 822 (1978)).

The peculiar-to-the-work principle presupposes a risk of injury arising out of the conditions of the employment, not out of the personal conditions of the employee. Only then can a claimant prove a causal connection "between the conditions under which the work is *required to be performed* and the resulting injury." Lipsey v. Case, 248 Va. 59, 61, 445 S.E.2d 105, 107 (1994) (emphasis added); City of Richmond v. Braxton, 230 Va. 161, 164, 335 S.E.2d 259,

- 3 -

261-62 (1985). A risk of injury imported into the workplace solely by the employee — without any knowledge, encouragement, or acquiescence by the employer — cannot be deemed a condition of employment under which the work is "required to be performed." Id. There must be "some employment contribution to the risk when the initial source of harm is a distinctly personal danger." 1 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 9.03, at 9-21 (2012). To conclude otherwise would allow employees to unilaterally define the scope of their compensable employment risks.

From this perspective, we fully agree with the commission majority's observation that workers who bring their personal tools to work with the employer's knowledge, encouragement, or tacit acquiescence may have compensable claims if those tools injure them. But that very analogy disproves the compensability of Wallace's claim. She presented no evidence that her employer even knew she brought her personal handbag to work, much less encouraged or acquiesced in her doing so.[1]

A condition of employment must be a condition the employer either creates or tacitly allows to exist. Compare Appeal of Malouin, 926 A.2d 295, 302 (N.H. 2007) (holding the "personal exercise workout of a salaried personal trainer" was "encompassed by the term 'condition of employment'" when the employer both "permitted and encouraged its personal trainers to perform such workouts while they were on duty"), with Karastamatis v. Indus.

---

[1] The claimant, not the employer, has the "burden of proving" by a "preponderance of the evidence" that the injury arose out of her employment. Morris v. Morris, 238 Va. 578, 584, 385 S.E.2d 858, 862 (1989); see Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 481, 624 S.E.2d 681, 685 (2006) ("It is well-established that it is the claimant who has the burden of proving a causal connection between the injury and the employment sufficient to establish that the injury arose out of the employment."). Courts generally leave the "loss on the employee" when injured by "risks of neither distinctly employment nor distinctly personal character" because the employee has the "burden of proof" to affirmatively establish "a clear causal connection between the conditions under which the employee worked and the occurrence of the injury." 1 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 4.03, at 4-3 (2012).

Comm'n, 713 N.E.2d 161, 164 (Ill. App. Ct. 1999) (noting the employer must have some responsibility for the condition for a court to "convert a personal risk into an employment risk").

In this case, Wallace's injury was caused by a defective Velcro strip on her personal handbag. As the commission has correctly observed: "When an employee incurs a danger of his own choosing which is outside of any reasonable *requirement* of his position, the risk arising from such action is not incident to and does not arise out [of] the employment." Holcomb v. T S I Exterior Wall Sys., Inc., 2009 Va. Wrk. Comp. LEXIS 395, at *5 (Nov. 4, 2009) (emphasis added) (citing Conner v. Bragg, 203 Va. 204, 209, 123 S.E.2d 393, 397 (1962)). Wallace failed to produce any evidence that using her personal handbag was a reasonable requirement of her position. Nor did she prove her employer knew of her use of the handbag, approved of it, or even acquiesced in her use of it.

The commission majority noted "that the outcome of this case might have been different if the claimant was reaching into her work bag to retrieve a personal item such as a hairbrush or her wallet at the time of her injury." Wallace, 2011 Va. Wrk. Comp. LEXIS 392. We do not find this distinction persuasive. The cause of the injury was not the *pen*, but the *handbag*. The pen did not scratch Wallace's finger, the defective Velcro on her handbag did. It is the hazard that actually causes the injury that matters. The inverse is also true. If the handbag were truly a hazard of her employment it would make no difference why Wallace reached into it — the injury would have arisen out of her employment.

Workers' compensation law rests on the premise that the employer somehow directly or indirectly introduces the risk of harm into the employment relationship and thereby creates a condition of employment. See Ind. Comm'n of Colo. v. Enyeart, 256 P. 314, 315 (Colo. 1927) (denying award for an injury where the "employer had nothing to do with it"). This first premise stands as a stalwart reminder that it "was not the intention of the legislature to make the

employer an insurer against all accidental injuries" on the job.  Richmond Mem. Hosp. v. Crane, 222 Va. 283, 286, 278 S.E.2d 877, 879 (1981) (quoting Dreyfus & Co. v. Meade, 142 Va. 567, 570, 129 S.E. 336, 336-37 (1925)).  Instead, the employer should be liable "only for such injuries arising from or growing out of the risks peculiar to the nature of the work, in the scope of the workman's employment or incidental to such employment, and accidents to which the employee is exposed in a special degree by reason of such employment."  Id.[2]

Nor does this case implicate the "personal comfort" doctrine, which recognizes that "occasional breaks and excursions for food, drink, rest, and restroom visitation are deemed to be within the *course of employment*," Ablola v. Holland Road Auto Center, 11 Va. App. 181, 183, 397 S.E.2d 541, 543 (1990) (citations omitted), because "[s]uch acts as are necessary to the life, comfort, and convenience" of the employee at work, Bradshaw v. Aronovitch, 170 Va. 329, 336-37, 196 S.E. 684, 686-87 (1938) (citation omitted and emphasis added) (approving award where employee was "thrown from [employer's] truck on which he is riding in the performance of his duties" while attempting to "satisfy his thirst with a soft drink").[3]  The personal comfort doctrine operates only to keep the employee within the course of employment; it has no bearing

---

[2] The "employment factor need not be the greater, but it must be real, not fictitious."  1 Larson, *supra*, § 9.01, at 9-8 to 9-9.  Compensation law "does know the difference between something and nothing, and it rightly requires that the employment contribute something to the risk, before pronouncing the injury one arising out of the employment."  Id.

[3] See also Raven Red Ash Coal Co. v. Griffith, 181 Va. 911, 922, 27 S.E.2d 360, 365 (1943) ("where an employee stops work for a short while to satisfy his physical needs, — such as to take a drink of water or to go to a near-by toilet on the premises of the employer — he is still in the master's employment and is entitled to all of the benefits of the Workmen's Compensation Act"); Kraf Constr. Servs., Inc. v. Ingram, 17 Va. App. 295, 300, 437 S.E.2d 424, 427 (1993) (approving award because the employee was seeking "to satisfy his thirst" during the course of his employment "at a place known to and *constructively approved* by his employer" (emphasis added)); Ablola v. Holland Rd. Auto Ctr., 11 Va. App. 181, 185-86, 397 S.E.2d 541, 544 (1990) (applying personal comfort doctrine to injury by an employee using "employer's tools and facilities" at work for a personal task "with his *employer's authorization*" (emphasis added)); Jones v. Colonial Williamsburg Found., 10 Va. App. 521, 523, 392 S.E.2d 848, 850 (1990) (*en banc*) (employee slipped on "wet and slippery condition on the employer's premises" while putting personal trash in a trashcan).

on whether the injury arises out of the employment.  See, e.g., Circuit City Stores, Inc. v. Ill. Workers' Comp. Comm'n, 909 N.E.2d 983, 990 (Ill. App. Ct. 2009) (The "personal comfort doctrine does not answer the whole question of compensability because it addresses only the 'in the course of' requirement; the 'arising out of' requirement must be met independently.").  No Virginia court has ever applied the doctrine to establish the *arising-out-of* requirement in cases where, as here, an employee is injured by a defective personal item brought to work without the knowledge, approval, or acquiescence of the employer.

III.

Because the commission incorrectly applied the actual risk test to the undisputed facts of this case, we reverse its award of compensation to Wallace.

Reversed.