COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Frank, Beales and Senior Judge Clements
Argued at Richmond, Virginia


MICHAEL SATTELMAIER

MEMORANDUM OPINION[*] BY
v.      Record No. 0276-14-2      JUDGE JEAN HARRISON CLEMENTS
SEPTEMBER 30, 2014

CREDIT CONTROL SERVICES, INC. AND
 HARTFORD UNDERWRITERS INS. CO.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael J. Beste (Geoff McDonald & Associates, P.C., on brief), for
appellant.

Christopher P. Saady (The Law Office of Jonathan Jester, on brief),
for appellee.


Michael Sattelmaier (claimant) appeals a decision denying his claim for payment of dental

treatment. Claimant argues that the Workers' Compensation Commission erred by holding that

(1) he was "required to prove that his dental treatment was related to the work injury through

medical evidence alone;" and (2) he "failed to carry his burden of proof, as all evidence supports a

causal connection between the work accident and his falls and dental treatment." For the reasons

stated, we reverse the decision of the commission and remand for further proceedings consistent

with this opinion.

BACKGROUND

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On appeal, this Court views the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

In 2005, claimant worked for Credit Control Services, Inc. On March 29, 2005, claimant, while at work, sustained injuries to his neck, back, leg, and right shoulder when a large, metal desk fell on him. On August 21, 2006, the commission awarded lifetime medical benefits to him.

Dr. Keith Crossen has treated claimant for chronic pain syndrome since at least November 2009. Claimant stated that he has back pain, which radiates into his left leg, and causes his leg and/or knee to collapse. He has stumbled and fallen as a result.

After one fall in late 2012, claimant damaged his teeth. On December 6, 2012, claimant saw Dr. Sean Sayyar, a dentist, for treatment for his broken teeth. Claimant told Dr. Sayyar that he fell and broke his lower teeth.

On March 26, 2013, claimant saw Dr. Crossen and told him that he fell when his leg "gave away again" and that he chipped his tooth. Dr. Crossen diagnosed chronic pain syndrome and a "[f]all from other slipping, tripping, or stumbling." Claimant subsequently saw Dr. Sayyar for treatment of the broken tooth.

Claimant filed claims with the commission and sought payment for the dental work. The employer contested the charges. At a hearing before the deputy commissioner, claimant testified about his chronic pain and how his left knee would "kind of give out," which caused him to stumble and fall. He stated that he had "fallen a couple times and in the process of falling [he had] hit [his] jaw and . . . basically fractured some teeth." He explained that his teeth were damaged in three falls.

Claimant offered into evidence his medical records from Drs. Sayyar and Crossen. Dr. Sayyar's notes stated that claimant sought treatment to repair his lower teeth, which broke when he fell. Dr. Crossen's notes also state that claimant had leg pain and back pain and had fallen on several occasions. According to Dr. Crossen's March 26, 2013 note, claimant fell and chipped a tooth.

The employer argued that the dental treatment was not causally related to claimant's compensable injuries.

The deputy commissioner agreed with the employer and made the following findings:

> Although we note that Dr. Crossen's records reflect that the claimant reported having falls, we find no medical record which proves that the claimant's falls were related to his compensable injuries. We find it significant that in his March 26, 2013 progress note, Dr. Crossen's only reference to the cause for the falls was reported to be "fall from other slipping, tripping, or stumbling." We therefore find the evidence is insufficient to satisfy the claimant's burden to prove a causal relationship between the falls and the dental treatment claimed.

Claimant appealed to the full commission. In a split decision, the commission affirmed the deputy commissioner's rulings. The majority of the commission found that

> Dr. Crossen never stated that the falls – significantly the one prior to December 6, 2012 and Dr. Sayyar's care – causally related to the claimant's chronic pain symptoms or the occupational injuries. Nothing in Dr. Crossen's notes reasonably alludes to this conclusion, and we decline to speculate as to any such causal connection.

The dissent disagreed and stated, "The records of Dr. Crossen and the dentist documented the claimant's report of falls causing his dental injuries. The claimant explained that he broke his teeth after falling because his leg gave out." The dissent explained that it would have found that claimant established a "sufficient causal nexus between his fractured teeth and the compensable injury by accident" because the commission could "reasonably infer the claimant's

falls resulted from his compensable injuries, based upon the medical record and his credible testimony."

This appeal followed.

## ANALYSIS

Claimant argues that the commission erred by holding that claimant failed to carry his burden of proof that his dental injury was causally connected to his work accident. He contends the commission erroneously relied solely on the medical evidence, as opposed to considering his testimony regarding the causal connection.

"It is the claimant's burden to demonstrate that the treatment for which he seeks payment is causally related" to the compensable injury. Portsmouth Sch. Bd. v. Harris, 58 Va. App. 556, 563, 712 S.E.2d 23, 26 (2011) (citation omitted).

"'The determination of causation is a factual finding that will be upheld on appeal if credible evidence supports the finding.'" Advance Auto & Indem. Ins. Co. v. Craft, 63 Va. App. 502, 520-21, 759 S.E.2d 17, 26-27 (2014) (quoting Imperial Trash Serv. v. Dotson, 18 Va. App. 600, 603, 445 S.E.2d 716, 718 (1994)). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citing Franklin Mortg. Corp. v. Walker, 6 Va. App. 108, 110-11, 367 S.E.2d 191, 193 (1988) (en banc)). "Whether credible evidence exists to support a factual finding is a question of law which is properly reviewable on appeal." Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991) (citing Ablola v. Holland Rd. Auto Ctr., Ltd., 11 Va. App. 181, 183, 397 S.E.2d 541, 542 (1990)).

Claimant testified that while at work, a large, metal desk fell on him. He sustained injuries to his back, neck, and leg. He suffers from chronic pain and sees Dr. Crossen for

- 4 -

treatment. Claimant further testified that the pain will "shoot through [his] left leg, and . . . cause [his] left knee to kind of give out and [he will] stumble a lot . . . from that." He explained that he "stumble[s] quite often when the leg goes out," and on approximately three occasions, he fell, hit his mouth, and damaged several teeth. He informed Dr. Crossen of the falls, and he went to a dentist, Dr. Sayyar, for treatment.

Claimant offered into evidence his medical records from Dr. Crossen and Dr. Sayyar. Dr. Sayyar's notes from December 6, 2012 stated that claimant told him, "I fell and broke my lower teeth." Dr. Sayyar's notes from April 10, 2013 indicate that "Patient fell 2 and 1/2 weeks ago and broken [sic] his lower left filling."

Dr. Crossen's notes include a summary of "Patient Encounters" and details regarding the appointments. Throughout the detailed notes, the medical history states, "Back, leg, neck pain – injured in crushing accident – on indefinite pain mgmt." Dr. Crossen's notes from January 9, 2013 state that claimant was "[f]eeling faint, extremly [sic] weak any time pt walks extended distance, lossing [sic] muscle mass." Dr. Crossen's notes from March 26, 2013 indicate that claimant told the doctor that he "fell and has eye injury . . . [l]eg gave away again and hurt hand and leg when he fell at the mailbox . . . [c]hipped a tooth also when [he] fell." Dr. Crossen described claimant as having an "antalgic gait" and a "[c]hipped tooth." Under assessment, Dr. Crossen's notes state: "Chronic pain syndrome – 338.4 (Primary)" and "Fall from other slipping, tripping, or stumbling – E885.9."

The commission noted that claimant "testified to stumbling on several occasions as a result of radiating leg pain" and that "Dr. Crossen has also noted that the claimant had numerous falls and suffered subsequent injuries, including a chipped tooth." The commission then held that "Dr. Crossen never stated that the falls – significantly the one prior to December 6, 2012 and Dr. Sayyar's care – causally related to the claimant's chronic pain symptoms or the occupational

injuries." The commission found that nothing in Dr. Crossen's notes concluded that there was a causal connection, and the commission "decline[d] to speculate as to any such causal connection."

"We are cognizant of the standard of review. However, the commission did not properly evaluate the evidence in this case." Lanning v. Virginia Dep't of Transp., 37 Va. App. 701, 708, 561 S.E.2d 33, 37 (2002). In this case, the commission disregarded portions of the record in determining whether claimant proved that there was a causal connection between his work-related injury and his dental treatment. The commission simply stated that Dr. Crossen's notes were insufficient to prove the causal connection. In doing so, it disregarded claimant's testimony, which was not contradicted. "The commission may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses, which is not inherently incredible and not inconsistent with other facts in the record." Hercules, Inc., 13 Va. App. at 361, 412 S.E.2d at 187 (citing Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)).

The commission cited claimant's testimony. Claimant testified that his accident left him with chronic pain, and the pain would cause his left knee to "give way." He testified that on three occasions he fell and hit his mouth, causing damage to his teeth. His testimony was not contradicted. Claimant was not impeached, and the commission did not say that his testimony was not credible or otherwise not entitled to weight. There is nothing in the record to suggest that claimant's testimony was not credible or that it was inconsistent.

> A finding of causation need not be based exclusively on medical evidence, and a claimant is not required to produce a physician's medical opinion in order to establish causation. Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176-77, 468 S.E.2d 152, 154-55 (1996). Causation of a medical condition may be proved by either direct or circumstantial evidence, including medical evidence or

"the testimony of a claimant." Id. at 176, 468 S.E.2d at 154; see Lee Cnty. Sch. Bd. v. Miller, 38 Va. App. 253, 260, 563 S.E.2d 374, 378 (2002).

Farmington Country Club, Inc. v. Marshall, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005).

Accordingly, the commission erred in relying solely on Dr. Crossen's notes and disregarding claimant's uncontradicted, unimpeached testimony.

CONCLUSION

For the reasons stated, we reverse the commission's decision and remand this case for the commission to consider claimant's testimony.

Reversed and remanded.