## Richmond

PERDON COAL COMPANY/UNITED COAL COMPANY

V.

CHARLES C. STILTNER

Record No. 831412.

November 30, 1984.

Present: All the Justices.

*Michael F. Blair (Penn, Stuart, Eskridge & Jones*, on brief), for appellant.

No brief or argument for appellee.

COMPTON, J., delivered the opinion of the Court.

This is a workers' compensation appeal which deals with procedural problems at the hearing level. An employer appeals from an award of compensation for a three-month period of temporary total disability.

Charles C. Stiltner, the claimant, sustained injury by accident on June 24, 1981 while employed by Perdon Coal Company/United Coal Company, a self-insured employer. The employee ruptured a biceps tendon in his right arm while shoveling coal underground. According to the medical evidence, the employee was not immediately disabled as a result of the incident, although he lost several weeks from work.

Subsequently, the claimant obtained similar employment with Middle Creek Coal Company in October of 1981. While shoveling coal for Middle Creek in June of 1982, the employee experienced a gradual onset of right arm pain and weakness over a period of four days before he was discharged on June 11, 1982. Later, in October of 1982, the employee obtained work with a third coal company.

During October of 1982, the claimant filed an application for compensation against Middle Creek and its insurer, alleging injury by accident on June 11, 1982. That claim was defended on the ground that the employee did not sustain injury by accident in June of 1982. Middle Creek asserted that the employee's condition was wholly attributable to the accident of June 24, 1981, which occurred while the claimant was working for Perdon Coal Company. Subsequently, the Industrial Commission dismissed the claim by opinion dated January 7, 1983. The Commission held that the claimant failed to establish that an injury by industrial accident occurred during employment with Middle Creek.

On January 5, 1983, the employee instituted the present proceeding. He filed an application for compensation against Perdon alleging an injury by accident on June 24, 1981. The employer defended on the ground that the claimant was not disabled as the result of the accident in June 1981 and, further, that the employee's disability during the period alleged was caused by the in-

cident of June 1982 while the claimant was employed by Middle Creek.

During the hearing on the present claim, the hearing commissioner ordered that the Commission's file in the Middle Creek matter be incorporated by reference in the present proceeding. Following the hearing, the deputy commissioner ruled in favor of the employee. Upon review, the full Commission unanimously affirmed the hearing commissioner's decision.

The Commission decided the claimant's evidence was insufficient to prove that he sustained any compensable disability during the period of employment with Perdon, although Perdon did not dispute that an injury by accident occurred on June 24, 1981. The Commission also found that, even though the claimant missed time from work because of right arm pain during his employ with Middle Creek prior to June of 1982, the claimant had not proved any work-related disability during that period. The Commission further found, however, that the medical evidence established the employee was disabled during the period June 12, 1982 to September 13, 1982 as the result of the June 1981 accident. The Commission approved the hearing commissioner's opinion which declared that "claimant sustained a simple progression, deterioration, or aggravation of his condition on June 11, 1982 while in the employ of Middle Creek Coal Company." Thus, Perdon Coal Company was found solely responsible for payment of benefits and related medical expenses without contribution from Middle Creek or its insurer. This appeal ensued.

Initially, the employer contends that the Commission erroneously failed to consolidate for one combined hearing the claims filed against Middle Creek Coal Company and Perdon Coal Company. Perdon argues that, because the claimant elected to proceed against Middle Creek first, "substantial procedural problems developed." It asserts that both claims involved reimbursement for identical items of medical expense and covered identical periods of disability. It notes that because the decision in favor of Middle Creek was not appealed, no transcript of that hearing was prepared. As a result, Perdon claims, it had no access to the claimant's testimony given at the first hearing. Indeed, Perdon says, it had no notice of the first claim or the medical evidence filed in that proceeding. Perdon says it was prejudiced by the claimant's method of litigating alternative theories. It alleges that the first hearing commissioner learned, during the hearing, of the potential

claim against Perdon and, thus, should have recessed the proceeding to allow Perdon to be added as a second defendant. Perdon contends it was the victim of Middle Creek's effort to "slant the medical evidence" to focus on Perdon's liability in a manner that would be favorable to Middle Creek. Perdon asserts that when it appeared as a party defendant, its primary defense (that any disability was caused by the June 1982 incident) had already been adjudicated by the Commission adversely to Perdon without any opportunity for it to be heard. We do not agree.

Perdon has not referred us to any authority, and we have found none, which requires the Commission, under these circumstances, to proceed as Perdon suggests. Code § 65.1-96 merely provides that the Commission "shall hear the parties at issue . . . and shall decide the issues in a summary manner . . . ." The Commission's rules only provide that the hearing "shall be conducted as a judicial proceeding," that the Commission will not be bound "by any technical rules of practice in conducting hearings," and that the Commission will "make such investigations in reference to the questions at issue in such manner as in its judgment are held adapted to ascertain and determine expeditiously and accurately the substantial rights of the parties . . . ." Rule 1, Rules of the Industrial Commission of Virginia, *reprinted in* Virginia Rules Annotated at 319 (Michie 1983).

The question whether to proceed separately or to consolidate a potential compensation claim with a pending claim is a matter within the sound discretion of the Commission. Manifestly, the Commission gave objective consideration to the claim against Perdon notwithstanding a prior decision involving the same facts as related to Middle Creek. In the course of the opinion deciding the claim in favor of Middle Creek, the Commission expressly stated that it did not "make any finding with respect to the incident which allegedly occurred on June 24, 1981, since Perdon Coal Company was not named as a defendant in [that] action." In addition, the Commission, in the opinion ruling against Perdon, stated that the decision of the other claim "affects only the parties to that claim. . . ." Consequently, we hold there was no abuse of discretion by the Commission in deciding to process the claims separately.

We agree, however, with Perdon's second contention on appeal. The employer asserts, as it did below, that the Commission erred in refusing to permit Perdon to take a post-hearing deposi-

tion of one of the claimant's attending physicians who had expressed conflicting opinions in medical reports pertaining to the cause of the claimant's disability. During the March 1983 hearing on the claim against Perdon, and as the result of incorporation of the medical information from the other claim, the employer became aware for the first time of a report from Dr. Roy R. Raub dated December 13, 1982. In that report, Raub stated: "[I]t becomes obvious that [the claimant] had a rupture of his long head of the biceps tendon prior to 6-1-82, and with the history that was given throughout all of these reports, the rupture of the long head of the biceps tendon undoubtedly occurred on 6-24-81." Previously, in a report dated July 22, 1982, Raub had reported that he had seen the claimant "relative to injury that he sustained to his right arm 6-11-82" while "shoveling . . . and something popped in his shoulder." Raub wrote that he had diagnosed the injury as "ruptured long head of biceps tendon." Because the employer was confronted for the first time with this inconsistent medical opinion from one of the claimant's treating physicians as to the event causing the disability, counsel moved during the hearing that he be allowed to take Raub's deposition. The motion was denied. This was error.

■ This case presents the unusual situation of an employer which, during the evidentiary hearing of a contested claim, learns for the first time about a conflicting medical opinion rendered months previously by one of the claimant's treating physicians. Ordinarily, of course, a party should not be allowed to depose a physician, post hearing, merely because there is inconsistent medical evidence contained in reports filed with the Commission. But in this case, the claimant apparently had violated a Commission rule which provides, in part, that:

"All medical reports received by any party in any proceeding in the Industrial Commission shall, as soon as received, be forthwith filed with the Commission. In any contested pending claim, copies of such medical reports shall be simultaneously forwarded to the opposing party." Rule 17, Rules of the Industrial Commission of Virginia, *reprinted in* Virginia Rules Annotated at 323-24.

Counsel for the employer charged during the hearing that he had not previously been furnished with a copy of Raub's December

1982 report. Claimant's counsel did not expressly deny the charge at the hearing. The charge has been repeated on appeal and it remains unanswered. The Commission did not address this issue in its opinions. Thus, on the record before us, we conclude that the Commission abused its discretion in failing to give the employer, under these circumstances, an opportunity to supplement the record by deposition.

Because of the foregoing procedural ruling, which requires a remand of the case, we do not reach the employer's contention that the proof was insufficient to support the award of compensation for the period in question. The evidence on the merits of the claim must be reviewed again by the Commission after the deposition has been taken.

Additionally, we do not consider the remaining error assigned by the employer. Perdon makes the rather unusual contention that the Commission erred in failing to order it to pay compensation to the claimant for a period of disability in 1981. Even assuming the employer is somehow aggrieved by such an alleged error so as to entitle it to raise the question on appeal, it has waived the point by failing to discuss or expressly reserve the issue during oral argument. *See Stevens* v. *Ford Motor Company*, 226 Va. 415, 417, n., 309 S.E.2d 319, 320-21, n. (1983); *Adams* v. *Allen*, 202 Va. 941, 942, 121 S.E.2d 364, 366 (1961); *Nat'l Maritime Union of America* v. *City of Norfolk*, 202 Va. 672, 674, 119 S.E.2d 307, 309 (1961).

Accordingly, the award appealed from will be reversed and the claim remanded. Upon remand, the employer shall be permitted to supplement the record with the deposition of Dr. Raub, taken pursuant to Code § 65.1-95. The Commission will then reconsider the claim on the present record, as supplemented by the deposition, without the introduction of additional evidence by either party.

*Reversed and remanded.*