## Norfolk

NANCY HUNTER NORTH

v.

LANDMARK COMMUNICATIONS, INC., et al.

No. 2163-92-1

Decided February 1, 1994

COUNSEL

Sidney H. Kelsey, Jr., P.C., for appellant.

Michael D. Pace (Huff, Poole & Mahoney, P.C., on brief), for appellees.

Opinion

**COLEMAN, J.**—Nancy Hunter North, an employee of Landmark Communications, Inc., appeals the Workers' Compensation Commission's decision awarding her temporary total disability payments only through September 6, 1991. She contends the commission erred in finding that she was capable of gainful employment after that date and failed to market her remaining work capacity. North asserts that Landmark failed to comply with Rule 17 by not filing with the commission a medical report from North's treating physician that showed she continued to be disabled and could not return to gainful employment well after September 6, 1991. She contends that had she or the commission had this medical evidence at the hearing, as Rule 17 requires, she could have established that her disability continued long after September 6. North further contends that with the medical report, she could have better examined the treating physician in order to establish through him the duration of her disability and, also, the commission could have considered the medical report to support North's testimony that she was totally disabled and not physically able to market any residual capacity. We agree that the Rule 17 violation constitutes reversible error. Accordingly, we remand the case for an additional hearing so that North can develop her evidence by having the benefit of the medical report to which she was entitled under Rule 17.

North filed an application with the commission for temporary total disability benefits due to bilateral carpal tunnel syndrome occurring on January 30, 1991. The deputy commissioner awarded North benefits from March 15, 1991, through September 6, 1991. The deputy commissioner found that as of September 6, 1991, North was no longer totally disabled and, based on the evidence, she could return to light work.

North's primary treating physician, Dr. Pat Aulicino, testified by post-hearing deposition that he performed surgery on North's hands in June 1991. He stated that, although North could never return to her pre-injury job, she could do light duty work three months after her surgery. North had testified, prior to Dr. Aulicino's deposition testimony, that Dr. Aulicino had never released her to return to any work and, furthermore, that due to the condition with her hand, as well as other medical problems, she was not able to return to any gainful employment. She testified that Dr. Aulicino had told her that she could not return to other employment.

At the time of Dr. Aulicino's deposition, North's employer, Landmark Communications, had subpoenaed all of North's medical records from Dr. Aulicino. Only Dr. Aulicino's records dated on and before September 6, 1991, were filed with the commission. However, the employer had obtained from Dr. Aulicino a medical report dated October 8, 1991, on its own form that had been submitted to Dr. Aulicino. In that report, the doctor stated that North continued to suffer from bilateral carpal tunnel syndrome and continued to be totally disabled. Dr. Aulicino further noted on the certificate that any anticipated marked change in North's future condition was "undetermined." Because the October 8 certificate was not filed by the employer with the commission as required by Rule 17, North's counsel did not have Dr. Aulicino's report available when counsel examined him.

North had the burden of proving the duration of her disability. She testified that she continued to be disabled at the time of the hearing and that Dr. Aulicino had not released her to work. She later testified that she was surprised by Dr. Aulicino's testimony that she could return to light duty work by September 6, 1991. She was bound by the evidence she presented to the commission.

North did not discover that the October 8, 1991, certificate existed until after the full commission's decision on October 6, 1992, which affirmed the deputy commissioner's award of benefits only through September 6, 1991. When North discovered that the employer had a report from Dr. Aulicino that contradicted his deposition testimony and which supported her claim of continued disability, she filed a motion for reconsideration for the commission to reopen the record in order to include the report. The commission held that North was "in a position to examine the physician concerning the appropriate . . . period of . . . incapacity." The commission further stated that had the report been filed, the commission would not have changed its decision. The commission refused to reconsider Dr. Aulicino's October 8, 1991 medical report because it failed to meet the requirements of after-discovered evidence.

The commission erred in applying the rigid requirements of the after-discovered evidence rule as the basis for its ruling. The commission erred by not enforcing its Rule 17. Had Dr. Aulicino's certificate been timely filed as required by Rule 17, it would have materially and significantly affected North's proof.

Rule 17 of the Workers' Compensation Commission states, "All medical reports received by any party in any proceedings in the Workers' Compensation Commission shall, as soon as received, be forthwith filed with the Commission. In any contested pending claim, copies of such medical reports shall be simultaneously forwarded to the opposing party." Compliance with Rule 17 is essential to the orderly and effective functioning of the workers' compensation system. The commission must be able to obtain and review all pertinent medical evidence possessed by both parties in order to reach a correct conclusion. *See Perdon Coal Co. v. Stiltner*, 228 Va. 461, 466-67, 323 S.E.2d 110, 113 (1984) (claimant counsel's violation of Rule 17 justified remand of the case). Similarly, the parties are entitled to all medical reports in order to properly establish or defend against a claim.

In this case, the commission found that North ceased to be permanently disabled on September 6, 1991. This finding was based upon the deposition testimony of Dr. Aulicino, who stated North could return to light duty work on September 6, 1991. North, who had the burden of proof on the issue, failed to prove that her disability continued after September 6, 1991. However, Dr. Aulicino, whose testimony was the basis for the commission's finding on the duration of North's disability, certified in a report to the employer that North was still permanently disabled on October 8, 1991. This report, had it been filed prior to Dr. Aulicino's deposition, would have been highly relevant to the issue of the duration of North's disability.

In refusing to reopen North's claim, the commission ruled that Dr. Aulicino's October 8 medical certificate was "superseded by Dr. Aulicino's deposition testimony" and had the certificate been considered, it would not "change the decision." The commission's ruling, based solely on an after-discovered evidence analysis, fails to consider the use that North could have made of the evidence had the certificate been filed as the commission requires by its own Rule 17. North may well have chosen to rely solely upon Dr. Aulicino's October 8 certificate and her own testimony without taking Dr. Aulicino's deposition. More importantly, when Dr. Aulicino testified contrary to what North alleges he had told her, his certificate might have been used to explain or clarify his testimony. Certainly, it would have been a significant factor for the commission to consider in weighing North's testimony that she was not able to do her work and to explain why she had not sought selective employment. Equally significant, the commission must adhere to its rule and require that the employees and employers do likewise. Rule 17 expressly provides *"all* medical reports . . .

*shall,* as soon as received . . . be filed with the Commission." (emphasis added). The rule is mandatory. When failure to comply with the rule is harmless, the commission does not err by refusing to set aside its decision for noncompliance. Such was not the case here.

The commission erred in applying the after-discovered evidence standard for not reopening the case and in finding that the violation of Rule 17 would not have affected the claim. For the foregoing reasons, the decision of the Workers' Compensation Commission is reversed, and the case is remanded for further proceedings consistent with this holding.

*Reversed and remanded.*

Baker, J., and Bray, J., concurred.