COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


ODIN, INC.
AND
THE PMA INSURANCE GROUP                    OPINION BY
                                    JUDGE WILLIAM H. HODGES
v.   Record No. 2152-95-1               AUGUST 20, 1996

JEFFREY C. PRICE


                                FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

            S. Vernon Priddy, III (Sands, Anderson, Marks
            & Miller, on briefs), for appellants.

            Annette Miller (C. Allen Riggins; Parker,
            Pollard & Brown, P.C., on brief), for
            appellee.



     Odin, Inc. and its insurer (hereinafter collectively

referred to as "employer") appeal a decision of the Workers'

Compensation Commission assessing a twenty percent penalty

against employer pursuant to Code § 65.2-524.  Employer contends

that the commission erred in assessing the penalty against it for

late payment of temporary partial disability benefits and

temporary total disability benefits due for the period October 1,

1994 through November 30, 1994, where employer paid these

benefits to Jeffrey C. Price ("claimant") on December 14, 1994

and the commission did not enter the award requiring their

payment until January 13, 1995.  We disagree and affirm the

commission's decision.

I.

By Memorandum of Agreement executed in August 1994, employer accepted claimant's May 11, 1994 injury by accident as compensable and agreed to pay him temporary total disability benefits beginning May 19, 1994. On August 26, 1994, the commission entered an award based upon the Memorandum of Agreement.

On October 1, 1994, claimant returned to work at a wage lower than his pre-injury average weekly wage. As of October 1, 1994, employer stopped making compensation payments to claimant. Claimant worked from October 1, 1994 through November 5, 1994. On November 5, 1994, he again became temporarily totally disabled.

On December 8, 1994, the commission received a letter from claimant stating that employer had not paid the compensation payments due to him under the August 26, 1994 award. The commission, by letter dated December 14, 1994 and pursuant to Code § 65.2-524, directed employer to pay all compensation due to claimant and assessed a twenty percent penalty against employer for all compensation benefits more than two weeks in arrears. Employer resumed making compensation payments to claimant on December 14, 1994. Employer's December 14, 1994 payment represented compensation benefits due for the period from October 1, 1994 through December 14, 1994. The December 14, 1994 payment did not include any penalty.

2

On January 9, 1995, the commission received executed Supplemental Memoranda of Agreement and an Agreed Statement of Fact from employer. On January 13, 1995, based upon these forms, the commission awarded claimant temporary partial disability benefits for the period from October 1, 1994 through November 4, 1994 and temporary total disability benefits beginning November 5, 1994.

On February 7, 1995, the commission vacated the December 14, 1994 penalty order because "the claimant agreed he returned to selective employment on October 1, 1994 and was no longer entitled to temporary total benefits under the August 26, 1994 Award Order . . . ." Claimant filed for review of the commission's decision vacating the penalty order. The full commission remanded the matter to the Dispute Resolution Department.

On June 15, 1995, the deputy commissioner imposed a new twenty percent penalty for all compensation benefits due between October 1, 1994 and December 13, 1994. The full commission affirmed the June 15, 1995 penalty for the period October 1, 1994 through November 30, 1994, but found that payments were timely made for the period December 1, 1994 through December 14, 1994, and therefore, assessed no penalty for that period. In so ruling, the commission found as follows:

> [E]mployer was for all times pertinent to
> this claim obligated to make payment pursuant
> to the award entered on August 26, 1994. It
> was not entitled to unilaterally discontinue
> payment of compensation when the claimant

3

returned to work at a lesser wage on October 1, 1994. Its remedy was to file an Agreed Statement of Fact memorializing the return to work, or an Employer's Application for Hearing. An Agreed Statement of Fact would have been approved by the Commission under these circumstances only with a Supplemental Memorandum of Agreement for the temporary partial disability that was clearly due. Having failed to do this with knowledge of the work status of the claimant, the employer remained obligated to comply with the earlier Order of the Commission to pay compensation benefits.

## II.

"The Workers' Compensation Act ["the Act"] has always been liberally construed for the benefit of employees and their dependents." Chesapeake & Potomac Tel. Co. v. Williams, 10 Va. App. 516, 519, 392 S.E.2d 846, 848 (1990). In addition, "[f]ailure to promptly file memorandum of agreements is violative of the statute and frustrates a primary purpose behind the . . . Act -- to expedite the entry of awards in cases where the parties agree as to the compensability of the employee's injury." National Linen Serv. v. McGuinn, 5 Va. App. 265, 269, 362 S.E.2d 187, 189 (1987) (en banc).

Employer concedes that claimant received no payments from October 1, 1994 through December 14, 1994, even though employer knew that claimant's disability warranted the continuation of some type of compensation payments during this period. Employer argues that Code §§ 65.2-500 and 65.2-708, and Rule 1.4(C)(1) of the Rules of the Workers' Compensation Commission, gave it the unilateral right to decide when to stop paying benefits to

4

claimant, and then, to postpone the filing of an application for a hearing on the merits of its decision for twenty-four months. Thus, employer asserts that, as of October 1, 1994, the August 26, 1994 award did not require it to continue paying benefits to claimant and it had the unilateral right to stop paying claimant, regardless of when it might file an application for hearing, an agreed statement of fact, or a supplemental memorandum of agreement. Employer further argues that because no award existed until January 13, 1995 obligating it to pay benefits to claimant for the period from October 1, 1994 through November 30, 1994, the commission should not have assessed a penalty pursuant to Code § 65.2-524.[1]

Claimant argues that a long standing practice requires an employer to file an agreed statement of fact form and a supplemental memorandum of agreement before terminating benefits under an outstanding award when an employee returns to light duty work. Claimant correctly points out that employer did nothing until the commission sent employer its December 14, 1994 letter imposing a penalty. Claimant notes that he had no control over when employer would send him the appropriate forms, other than to file an application and request a penalty, as he did on December 8, 1994.

---

[1] We note that employer's position is inconsistent with its actions in that employer, on December 14, 1994, paid benefits due to claimant for the period October 1, 1994 through December 14, 1994, before the commission entered its January 13, 1995 award.

Rule 1.4(C) provides that compensation shall be paid through the date an employer files a change in condition application. Rule 1.4(C)(1) provides an exception to this general rule. Under Rule 1.4(C)(1), if an employer's change in condition application alleges that an employee returned to work, then employer is obligated to pay compensation up to the date of the return. However, contrary to employer's assertion, Rule 1.4(C)(1) is not applicable under the circumstances of this case. The plain language of Rule 1.4(C)(1) allows an employer to cease payment of compensation on the date an employee returns to work only when the employer files an application alleging the employee returned to work. Here, employer never filed an application alleging that claimant returned to work. Rather, it did nothing. It unilaterally stopped paying compensation to claimant, a partially disabled employee, on October 1, 1994, even though employer conceded that claimant was entitled to some form of compensation between October 1, 1994 and December 14, 1994. Not until the commission directed employer to pay claimant compensation and a penalty did employer pay the temporary partial disability benefits and temporary total disability benefits due to claimant for the period October 1, 1994 through November 30, 1994. "The commission promulgated Rule 13 [now Rule 1.4] 'to police this tendency of employers and insurers to terminate first and litigate later.'" Specialty Auto Body v. Cook, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992) (quoting Dillard v. Industrial

6

Comm'n, 416 U.S. 783, 789 (1974)).

Moreover, employer's reliance on Code §§ 65.2-500 and 65.2-708 is misplaced. Code § 65.2-500 sets forth the amount of compensation a totally disabled employee is entitled to receive from an employer. Its provisions do not set forth the procedure for terminating such an award when an employee returns to light duty work. Employer correctly points out that temporary total disability benefits are only to be awarded when an employee cannot work due to total incapacity. However, even if employer had filed an application, which it did not do, "the determination whether benefits, in fact, should have been terminated could only have been made by the commission." Specialty Auto, 14 Va. App. at 331-32, 416 S.E.2d at 236.

Employer correctly notes that Code § 65.2-708 allows an employer to file a change in condition application within two years from the last date for which compensation was paid. However, no language in Code § 65.2-708 gives an employer the unilateral right to cease paying compensation benefits to a partially disabled employee under an outstanding temporary total disability award, when that employee returns to work at a lesser than pre-injury wage, and the employer does not file an application or an agreed statement of fact along with a supplemental memorandum of agreement. Thus, the commission's decision is not inconsistent with Code §§ 65.2-500 and 65.2-708.

A penalty can only be imposed on amounts not paid within two

7

weeks of their due date.  Code § 65.2-524.  An amount becomes due on the date of an award by the commission.  <u>Audobon Tree Serv. v. Childress</u>, 2 Va. App. 35, 39, 341 S.E.2d 211, 213 (1986). Employer intentionally failed to take the appropriate steps to terminate the August 26, 1994 award when claimant returned to light duty work on October 1, 1994.  Accordingly, the August 26, 1994 award remained in effect until January 13, 1995.  Thus, employer's December 14, 1994 compensation payment to claimant, for the period from October 1, 1994 through November 30, 1994, occurred more than two weeks after it became due.  In light of these facts and the overriding purpose of the Act, the commission did not err in assessing a twenty percent penalty against employer.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>