COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Bumgardner and Frank
Argued at Chesapeake, Virginia


NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY
                                                    MEMORANDUM OPINION* BY
v.       Record No. 1756-02-1            JUDGE ROSEMARIE ANNUNZIATA
                                                    JANUARY 28, 2004
WILLIS M. RICHARDSON


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Benjamin M. Mason (Mason, Mason, Walker, & Hedrick, on brief),
              for appellant.

              Matthew H. Kraft (Gary R. West; Rutter, Walsh, Mills, & Rutter, on
              brief), for appellee.


       Willis M. Richardson suffered a work-related injury in 1998 and was awarded temporary

total disability benefits.  Newport News Shipbuilding subsequently filed a change-of-condition

application with the Workers' Compensation Commission seeking to suspend the award of

compensation.  It cited two grounds, claiming that Richardson had returned to his pre-injury

work and, in the alternative, that he had subsequently retired from employment.  The deputy

commissioner found that Richardson's retirement constituted a refusal of selective employment,

and benefits were terminated after January 29, 1999.  The commission affirmed the deputy

commissioner's decision, but modified it by ordering that employer pay benefits through January

15, 2001.  This appeal followed.  For the following reasons, we reverse the commission.

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  Factual and Procedural Background

Willis M. Richardson suffered a work-related injury and was awarded temporary total disability benefits of $416.93 per week beginning January 7, 1998.  Richardson returned to work in the employer's mailroom on December 10, 1998.  He subsequently retired on January 1, 1999.  On January 29, 2001, the employer filed an Application for Hearing asserting a change in condition.  As grounds for its application, the employer argued that Richardson returned to work on December 10, 1998 and that he voluntarily retired on January 1, 1999.  Relying on Rule 1.4(C)(1) and its contention that Richardson had returned to work on December 10, 1998, the employer paid benefits until January 29, 1999.

The deputy commissioner issued an opinion on November 26, 2001, and found that the employer had made a *bona fide* job offer and that Richardson unjustifiably refused the offer of selective employment by his voluntary retirement on January 1, 1999.  The deputy commissioner accordingly granted the employer's January 29, 2001 application to terminate the prior award and suspended benefits as of January 30, 1999.

 Richardson requested review of the deputy commissioner's November 26, 2001 opinion.  The issue before the full commission, as stated in their opinion letter of June 6, 2002, was the deputy commissioner's finding that "the claimant refused selective employment."  Upon review, the full commission affirmed the deputy commissioner's opinion that Richardson's voluntary retirement on January 1, 1999 constituted a refusal of selective employment because the job in the mailroom was still available to him.  However, the commission modified the deputy commissioner's award, which had suspended the payment of benefits as of January 30, 1999, and ordered that employer pay benefits through January 15, 2001, citing Rule 1.4(C)(5).  The commission concluded that the employer failed to prove that Richardson had returned to pre-injury work, as alleged, on December 10, 1998.  It accordingly ordered that the employer

was responsible for payment of benefits from January 30, 1999 to January 15, 2001 at the rate of $416.93 per week. The commission determined the date upon which benefits were to cease by applying Rule 1.4(C)(2), which provides that benefits shall terminate on the date a claimant refuses selective employment or 14 days before the employer files its change-of-condition application. In the instant case, the latter fact was found determinative because the commission found the employer failed to prove claimant had returned to work.

The employer filed a Motion for Reconsideration asserting that it should only be required to pay compensation through January 29, 1999 because Richardson returned to work in December 1998. The commission agreed, vacated its June 6, 2002 opinion thirty-three days later on July 9, 2002, and issued a three-page opinion on October 10, 2002, reversing its prior decision. In its opinion, the commission found that Richardson had returned to his pre-injury work on December 10, 1998 and that payments beyond January 29, 1999, the date of employer's last payment of benefits, were not warranted. Its order reflected those findings.

Conceding that the October 10, 2002 opinion of the commission was not timely issued, and is therefore not valid, the employer focuses its appeal on the commission's June 6, 2002 decision and asks that we reverse. Specifically, employer contends that the commission erred on June 6, 2002 in finding that it failed to show that Richardson returned to work. We agree, and for the following reasons we reverse.

## II. Analysis

On appeal, we view the evidence in the light most favorable to Richardson as the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). We will not disturb factual findings of the commission if credible evidence supports them, Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991), and we construe the Workers' Compensation Act liberally in favor of the employee. Chesapeake and

- 3 -

Potomac Tel. Co. v. Williams, 10 Va. App. 516, 519, 392 S.E.2d 846, 848 (1990). Moreover, the party moving for a review of an award on the ground of a change in condition carries the burden to show such a change in condition by a preponderance of the evidence. Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438, 339 S.E.2d 570, 572 (1986). In this case, the employer carries that burden.

In determining that the employer failed to prove that claimant had returned to work, the commission erred because it misapprehended the implicit findings of the deputy commissioner. The issues before the deputy commissioner were two-fold. Employer sought termination of the commission's October 6, 1998 award of compensation to Richardson on the grounds that (1) he had returned to his pre-injury work on December 10, 1998 and (2) that a *bona fide* offer of employment was made which Richardson unjustifiably refused by retiring on January 1, 1999. Richardson defended against the allegation that he refused selective employment, claiming that the employer had not made a *bona fide* job offer to him because he had already notified employer of his intention to retire. However, he never claimed that he did not "return to work" within the meaning of Rule 1.4(C)(1). In fact, in its application for a hearing, employer indicated that "employee returned to pre-injury work on 12/10/98." This assertion was never contested at the hearing. Thus, whether or not the employer failed to pay Richardson a salary equal to or greater than claimant's pre-injury wage was not in dispute. See Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 412-13, 364 S.E.2d 4, 6 (1988) (noting that this Court will not consider an issue not brought before the commission for the first time on appeal). In short, that Richardson "returned to work," as required by Rule 1.4(C)(1), was not an issue at the deputy commissioner's hearing. The sole issue before the deputy commissioner was whether Richardson's return to work resulted from a *bona fide* job offer.

- 4 -

The deputy commissioner found that the employer, on December 10, 1998, made a *bona fide* job offer of selective employment to Richardson. It is uncontested that Richardson accepted the offer of employment and began working in the employer's mailroom. Even though employer may have known about Richardson's intent to retire, the deputy commissioner found that Richardson failed to prove that employer would have withdrawn its offer of employment before his retirement. The deputy commissioner further found that Richardson's voluntary resignation constituted an unjustified refusal of employment under Code § 65.2-510. He did not expressly find that Richardson returned to work on December 10, 1998. However, the deputy commissioner's order implicitly resolved the question of Richardson's return to work in favor of the employer because he ordered payment suspended as of January 30, 1999, a date consistent with such a finding. See Rule 1.4(C). That finding was supported by evidence that the offer of selective employment was *bona fide*, that Richardson was employed in that position, and that Richardson never contested that he "returned to work." See Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167-68, 543 S.E.2d 619, 621 (2001) (noting that we will not disturb findings of the commission when supported by credible evidence). We accordingly find that the full commission's determination that employer failed to prove that Richardson returned to pre-injury work was plainly wrong because it was not supported by any credible evidence. Id.

Richardson contends that our holding in Odin, Inc. v. Price, 23 Va. App. 66, 474 S.E.2d 162 (1996), requires employer to prove that claimant returned to work at a wage equal to or greater than his pre-injury wage. Odin does not stand for that proposition. It stands only for the proposition that employer must file a change-in-condition application or a statement of facts if it suspends payments. In Odin, the employer terminated benefits under an outstanding award after claimant returned to light-duty work at a wage lower than his pre-injury weekly wage. Id. at 69, 474 S.E.2d at 162. The employer did not file a change-of-condition application. Id. at 72, 474

S.E.2d at 165. Nor did it file an Agreed Statement of Fact memorializing the return to work or an employer's application for hearing. Id. We found that the commission properly assessed a penalty against employer for late payment of an award. Id. We also found that employer's reliance in Odin on Rule 1.4(C) was misplaced and that it could not justify its termination of benefits on the date employee returned to light-duty work because the employer had never filed a change-of-condition application alleging the return to work. "The plain language of Rule 1.4(C)(1) allows an employer to cease payment of compensation on the date an employee returns to work only when the employer files an application alleging the employee returned to work." Id. at 71, 474 S.E.2d at 164.

Here, employer filed a change-of-condition application alleging claimant had returned to work. The deputy commissioner implicitly found the evidence supported that allegation. In the subsequent hearing before the commission, the record discloses no basis upon which it could conclude that employer failed to prove Richardson returned to work. As such, the decision reversing the deputy commissioner's decision constitutes reversible error. See North v. Landmark Communications, 17 Va. App. 639, 640, 440 S.E.2d 156, 156 (1994). We therefore reverse the decision of the commission and remand for entry of an order consistent with this opinion.

Reversed and remanded.